U.S. MAGISTRATE J. KELLEY ARNOLD

CV 00 05626 #00000097

FILED
RECEIVED
LODGED
DEC 21 2001
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNETTE HALL,

    Plaintiff,

vs.

KIDDE, INC., a Corporation,
LEHEL CORPORATION,
ELECTROLUX CORPORATION,
ELECTROLUX, L.L.C. and
ELECTROLUX LEHEL CORPORATION,

    Defendants.

No. C00-5626-(RJB)JKA

PLAINTIFF'S MOTIONS IN LIMINE

Comes now Plaintiff and moves the Court for an Order regarding the following matters in limine:

1.   Excluding any evidence relating to benefits received by Plaintiff through Washington State Department of Labor & Industries.

2.   Exclude all references to the effects of income tax on future earnings.

3.   Exclude or limit the testimony of Ron Mauney, Kidde, Inc.'s 30(b)(6) designee.

4.   Exclude or limit the testimony of Carl Tomeo, Sam Solomon and Miklos Madarasz.

PLAINTIFF'S MOTIONS IN LIMINE

English, Lane,
Marshall, Barrar,
Stahnke &
Vanderwood, PLLC
Attorneys at Law

12204 S.E. Mill Plain Blvd., Ste. 200
Vancouver, WA 98684
(360) 449-6100

-1-

5   Limit the liability experts proposed by Defendant to either Andrew Held or Ralph Hudson, but not both, and limit the testimony of the person chosen to testify to information contained in the disclosure of expert testimony filed by defense counsel and dated July 25, 2001

This motion is based upon the records and files herein and upon the attached Affidavit of Donald L English, attorney for Plaintiff herein

## AFFIDAVIT

STATE OF WASHINGTON )
                     ss
County of Clark      )

*Donald L English, being first duly sworn on oath, deposes and says:*

I am the attorney for the Plaintiff in this case

In support of my Motions in Limine, I offer the following

1   **COLLATERAL SOURCE**   Plaintiff believes it would be appropriate to limit evidence related to payments made by Washington State Department of Labor & Industries under the case of *Stone v Seattle*, 64 Wn 2d 166

2   **TAXATION.**   Inappropriate under the case of *Hinzman v Palmanteer*, 81 Wn 2d 327, 501 P2d 1228 (1972), to exclude references to the effects of income taxes on future earnings

3   **TESTIMONY OF RONALD MAUNEY**   The Court is aware of Plaintiff's position that the deposition of Ronald Mauney as Defendant's CR 30 (b)(6) designee was not conducted by Defendant in good faith   Affidavit of Counsel in Support of CR 37 Relief outlines details relating to that assertion   Plaintiff further asserts that it would be proper to exclude the testimony of Ronald Mauney as a sanction that the Court would have the power to invoke under FRCP 37
PLAINTIFF'S MOTIONS IN LIMINE

English, Lane,
Marshall, Barrar,
Stahnke &
Vanderwood, PLLC
Attorneys at Law

12204 S E Mill Plain Blvd, Ste 200
Vancouver, WA 98684
(360) 449-6100

-2-

(c)(1) Pursuant to that rule, "a party without substantial justification fails to disclose information required by Rule 26 (a) or 26 (e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on any motion, any witness or information not so disclosed. In this case, Plaintiff believes it is appropriate to exclude the testimony of Mr. Mauney altogether, or at least limit testimony to answers contained in his deposition.

4  **EXCLUSION OF TESTIMONY OF CARL TOMEO, SAM SOLOMON AND MIKLOS MADARASZ** Plaintiff again refers to information contained in Plaintiff's request for FRCP 37 Relief in support of this Motion.

Ronald Mauney was the Defendant's FRCP 30 (b)(6) designee. Defendant should not now be allowed to introduce evidence of others who may have been more appropriately designated under FRCP 30 (b)(6) to testify in this case.

Certainly the Court has discretion under CR 37 (c) to sanction Defendant for its failure to provide adequate discovery.

In addition to the foregoing, if the Court allows the testimony of the individuals involved, the testimony should be limited to the knowledge imparted by Mr. Mauney in his deposition.

In addition to the foregoing, testimony of individuals' knowledge would be limited by the rule related to cumulative evidence. (FRE 403)

In the case of witness Sam Solomon, Mr. Solomon's identity was not made available to Plaintiff through interrogatory requests and, in fact, to Plaintiff's counsel's recollection, not until Defendant Kidde, Inc.'s Pretrial Statement was filed, was his name ever known to Plaintiff's counsel.

English, Lane,
Marshall, Barrar,
Stahnke &
Vanderwood, PLLC
Attorneys at Law

12204 S E Mill Plain Blvd, Ste 200
Vancouver, WA 98684
(360) 449-6100

PLAINTIFF'S MOTIONS IN LIMINE

5   **TESTIMONY OF ANDREW HELD and/or RALPH HUDSON:** Testimony proposed by Defendant with regard to Andrew Held and Ralph Hudson as stated in Defendant's Pretrial Statement is identical. Having two witnesses testify as to identical opinions would be unduly cumulative and unnecessary (FRE 403)

In addition, Plaintiff believes that expert testimony from either Mr Held or Mr Hudson should be limited to information contained in a disclosure of expert testimony Defense counsel's disclosure dated July 25, 2001 That opinion was "Mr Held will express the opinion that the cream whipper that allegedly injured Plaintiff, was abused, showed evidence of cross-threading on the threads of the white cap, damage to the threads of the cannister and was in very poor condition

It should be noted that Mr Slagle's opinion with regard to the unsafe character of the cream whipper was well known to the defense, and their experts, well over a year, prior to when this disclosure of expert testimony was given. Based on the defense's disclosure of testimony, Plaintiff determined not to take the deposition of Mr. Held or Mr Hudson It was not until subsequent disclosure of experts and opinions by Mr Foley dated August 24, 2001, was it disclosed that Mr Held and Mr Hudson expanded their opinion to include the following The design of the charger holder and cannister and white cap were adequate and appropriate for the intended ordinary use of the product If these new opinions were opinions that were previously held by these experts, they should have been disclosed in the earlier disclosure of experts

PLAINTIFF'S MOTIONS IN LIMINE

English, Lane,
Marshall, Barrar,
Stahnke &
Vanderwood, PLLC
Attorneys at Law

12204 S E Mill Plain Blvd , Ste 200
Vancouver, WA 98684
(360) 449-6100

-4-

1  Dated this 20 day of December, 2001

2  _____
3  Donald L English, WSBA #5606
   Of Attorneys for Plaintiff

4

5

6  SUBSCRIBED and SWORN to before me this 20th day of December, 2001

7  _____
   NOTARY PUBLIC in and for the
8  State of Washington
   My Commission Expires  9/15/05
9

10

PLAINTIFF'S MOTIONS IN LIMINE

English, Lane,
Marshall, Barrar,
Stahnke &
Vanderwood, PLLC

Attorneys at Law

12204 S E Mill Plain Blvd , Ste 200
Vancouver, WA 98684
(360) 449-6100

-5-

## CERTIFICATE OF SERVICE

I certify that on the date indicated below, I hand delivered a true copy of the foregoing document to Douglas Foley and sent by U S Mail to Mark Beard at the following addresses

Douglas Foley
Attorney at Law
1220 Main Street #300
Vancouver WA 98660

Mark Beard
Attorney at Law
1420 Fifth Avenue #4100
Seattle WA 98101-2338

Dated this 20th day of December, 2001

Gayle L Hanley